## Dunn v. Nationwide Mutual Insurance Company

*Charles W. Campbell,* for plaintiff.
*William T. Renz,* for defendant Nationwide Mutual Insurance Co.

BIEHN, *J.,* July 29, 1991—Plaintiff filed this declaratory judgment action seeking a determination of whether or not Nationwide Mutual Insurance Company has to provide coverage under an automobile insurance policy it had issued to plaintiff. Plaintiff has requested a decree declaring his right to liability coverage and the payment of medical expenses. A nonjury trial was held on July 1, 1991. We now make the following findings of fact and conclusions of law.

## FINDINGS OF FACT

(1) In November 1987, plaintiff became aware that an acquaintance, William Clee, desired to sell his 1971 Chevrolet Chevelle.

(2) Plaintiff gave Clee $500 in November 1987 as a down payment and took the car into his possession to repair it.

(3) When the car was driven from Clee's residence to plaintiff's residence, it had Clee's vehicle registration plate on it. Plaintiff later returned the plate to Clee.

(4) Plaintiff made sporadic payments to Clee. During that time, Clee kept the certificate of title to the car in his possession as well as an extra set of car keys.

(5) The car was operable but needed extensive repairs, including a new motor and transmission which plaintiff installed and/or rebuilt.

(6) Between November 1987 and May 1988, plaintiff drove the car on several occasions, approximately once a month.

(7) Clee never saw the car between November 1987 and May 29, 1988.

(8) On May 29, 1988, plaintiff made his last payment on the car. Clee signed the certificate of title and delivered it to plaintiff at the same time the last payment was made.

(9) When plaintiff drove to Clee's residence to make the last payment, he drove another car, not the 1971 Chevelle.

(10) Upon returning home with the Chevelle on May 29, 1988, plaintiff took a vehicle registration plate from another car and attached it to the Chevelle.

(11) At approximately 6:30 p.m. on the same day, May 29, 1988, plaintiff was involved in an accident while driving the Chevelle.

(12) At the time of the accident, Renate Downing and Kristen Reardon were passengers in plaintiff's car.

(13) The car was completely destroyed in the accident.

(14) At the scene of the accident, plaintiff admitted to the investigating officer, William Stinger, that he had been operating the car and that he had just got the car that day.

(15) Plaintiff never had the certificate of title transferred into his name.

(16) Clee had automobile insurance through Erie Insurance Company.

(17) The 1971 Chevelle was insured by Clee from October 31, 1987 until January 30, 1988 when it was removed from his policy and replaced by another car.

(18) Clee removed the Chevelle from his policy because he was not using it and was in the process of selling it.

(19) Clee believed he owned the Chevelle until he delivered the certificate of title.

(20) Between November 1986 and February 1989, Clee added and removed approximately 15 cars from his policy, sometimes adding a car that had previously been insured.

(21) Defendant never added the Chevelle to plaintiff's policy.

(22) Defendant paid one claim arising from the accident, a property damage claim to Philadelphia Electric Company, under plaintiff's policy.

(23) Defendant has refused to pay any other claims as a result of the accident on May 29, 1988.

184

## DISCUSSION

The insurance policy issued by defendant to plaintiff contains a coverage extension provision. The relevant part reads as follows:

"*Use of Other Motor Vehicles.* Your auto's insurance also covers other motor vehicles as follows:. . .

"(2) a four-wheel motor vehicle newly acquired by you. *The coverage applies only during the first 30 days you own the vehicle,* unless it replaces your auto. We provide this coverage only if you do not have other collectible insurance. You must pay any added premium resulting from this coverage extension." See exhibit P-1 at 4. (emphasis supplied)*

The issue, therefore, before this court is whether or not plaintiff became owner of the automobile in question on May 29, 1988. If he did, as he argues, then he has coverage under the 30-day extension provision. If he became the owner in November 1987, as defendant argues, then he has no coverage because he never added the car to his policy and the 30-day extension provision had long since expired.

Under the Pennsylvania Vehicle Code, *owner* is defined as follows:

" 'Owner.' A person, other than a lienholder, having the property right in or title to a vehicle. The term includes a person entitled to the use and possession of a vehicle subject to a security interest in another person, but excludes a lessee under a lease not intended as security." 75 Pa.C.S. §102.

In the case of *Occidental Fire and Casualty Company of North Carolina v. Brocious,* 772 F.2d 47 (3d Cir. 1985), the court discussed the question of

---

* This provision is contained in the section of plaintiff's policy entitled "Physical Damage Coverages." An almost identical provision is contained in the section entitled "Auto Liability." See exhibit P-1 at 6.

ownership as defined above in relation to a fact pattern similar to that of the instant case.

In *Occidental,* a buyer and a seller of a tractor-trailer had a written conditional sales agreement which provided that the title to the truck would remain in the seller until the purchase price was paid. The buyer was responsible for all maintenance and insurance and had possession of the truck. The buyer obtained insurance, listing the seller, the title owner, as the named insured and the buyer as a possible driver. After the buyer was involved in an accident, Occidental denied coverage claiming that as a result of the sales agreement, the buyer, not the seller, owned the truck and therefore the buyer was not driving a vehicle owned by the named insured.

The court in *Occidental* noted at the outset of its discussion that the name on the certificate of title, although not conclusive, is some indicia of ownership. *Id.* at 49. It then went on to discuss the definition of *owner* under the Vehicle Code:

"Significantly, the statute had included conditional vendees in its earlier versions, but was amended in 1976, inter alia, to delete the reference to conditional vendee.[4] Although we can find no legislative history regarding this change, we cannot assume that the state legislature deleted the reference to conditional vendees without any purpose.

"Occidental argues, however, that [the seller] should be regarded as a 'lienholder,' defined in the statute as a 'person holding a security interest in a vehicle.' 75 Pa.C.S. §102 (Purdon 1977). A security interest is an 'interest in a vehicle reserved or created by agreement which secures payment. . ..' *Id.* §102. However, [the seller] did not follow the procedure provided by the Vehicle Code to create a security interest in vehicles.[5] It is clear from both [the buyer's] and [the seller's] depositions that the

parties understood that [the seller] was not retaining title as a security interest but instead that he would remain the owner until the final payment was made.

"Footnote 4. The previous version of the act, enacted in 1929, contained the following definition of 'owner':

" 'Owner.' A person or persons holding the legal title of a vehicle which is the subject of an agreement *for the conditional sale* or lease thereof, or other like agreement, with the right of purchase upon performance of the conditions stated in the agreement, and with an *immediate right of possession vested in the conditional vendee* or lessee, *then such conditional vendee or lessee shall be deemed the owner* for the purpose of this act." 1929 Pa. Laws 909. (emphasis added)

"Footnote 5. This entails executing an application and delivering it, together with the certificate of title, to the Department of Transportation, 75 Pa.C.S. §1133(a) (Purdon 1977)."

*Occidental Fire and Casualty Company of North Carolina v. Brocious,* 772 F.2d at 49-50.

The court in *Occidental* then went on to state that the parties' intent is the most important factor in determining ownership of a vehicle that is the subject of a conditional sales agreement. *Id.* at 50.

Applying the above reasoning to the instant case, we find that plaintiff and Clee had a conditional sales agreement. The parties' intent is clear. Both believed that Clee was the owner of the vehicle until plaintiff fulfilled the condition of paying off the purchase price. To this end, Clee kept the Certificate of Title and did not sign it over to plaintiff until plaintiff made the last payment on May 29, 1988.

In addition, as in *Occidental,* Clee made no attempt to create a security interest in the Chevelle. The fact that Clee took the car off his insurance policy is not dispositive of the issue of whether or not he believed he owned it. The record shows that Clee added and removed approximately 15 cars from his policy between November 1986 and February 1989, sometimes adding a previously insured

car. It is completely believable that had plaintiff failed to pay the full purchase price, Clee would have repossessed the Chevelle and reinsured it.

We conclude, therefore, that plaintiff became the owner of the car on May 29, 1988 when he made the last payment. Consequently, he is entitled to coverage under the 30-day coverage extension provision in his policy.

## CONCLUSIONS OF LAW

(1) The agreement between plaintiff and Clee was a conditional sales agreement.

(2) Clee was the owner of the 1971 Chevelle until May 29, 1988.

(3) Plaintiff became the owner of the Chevelle on May 29, 1988 when he made the final payment toward the purchase price and received the signed certificate of title from Clee.

(4) The insurance policy issued by defendant, Nationwide Mutual Insurance Company, to plaintiff shall provide coverage for plaintiff's accident on May 29, 1988.

## ORDER

And now, July 29, 1991, it is hereby ordered and directed that Nationwide Mutual Insurance Company is under a legal obligation to provide coverage to Kevin T. Dunn under policy number 58-C-261017 for the accident that occurred on May 29, 1988.